JaVonne M. Phillips, Esq. SBN 187474
Kristin A. Schuler-Hintz, Esq. SBN 207989
McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for AIS Portfolio Services, LLC as Servicer for Ally Bank

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In Re: | Case No. 2:25-bk-17922-DS |
|---|---|
| Justice Noelle Davis, | |
| Debtor. | Chapter 13 |
| | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | **Confirmation Hearing:**<br>Date: 11/20/2025<br>Time: 1:30 PM<br>Ctrm: 1639<br>Place: 255 E. Temple Street,<br>      Los Angeles CA |
| | Judge: Deborah J. Saltzman |

Comes now AIS Portfolio Services, LLC as Servicer for Ally Bank ("Creditor"), a secured creditor in the above referenced Chapter 13 Plan, and objects to confirmation of Justice Noelle Davis ("Debtor") proposed Chapter 13 Plan pursuant to 11 U.S.C. §§1322 and 1325 and in support thereof alleges:

1

## I.    BACKGROUND

1. On January 8, 2025, Debtor purchased a 2021 Mercedes-Benz GLA, legally identified by the VIN ending in: 8514 (the "Vehicle") under the Retail Installment Sale Contract attached hereto as **Exhibit A.**

2. The Debtor gave a purchase money security interest in the vehicle, and the contract was signed by Debtor within 910 days preceding the filing date of this Chapter 13 petition. On information and belief, the vehicle was acquired for personal use of the Debtor. If the vehicle was acquired for some other reason than the personal use of the Debtor, the Plan does not so specify.

3. Creditor is the legal owner of the Vehicle as evidenced by the Certificate of Title, a true and correct copy of which is attached hereto as **Exhibit B.**

4. On 9/9/2025, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

5. On 10/07/2025, the Debtor filed a proposed Chapter 13 plan, setting forth a value of the Vehicle at $18,000.00 and proposing payments at $370.92 per month for 54 months and $121.94 per month for 6 months, allowing for interest on the debt to accrue post-petition at 5.00%.

6. Creditor filed a Proof of Claim on 10/14/2025, reflecting a total secured claim of $23,949.60 with $648.81 in arrears with an interest rate of 22.590% [Claim #4-1]. A true and correct copy of which is attached as **Exhibit C.**

## II.    OBJECTION

1. Under 11 U.S.C. § 1325, it is a condition of confirmation that if a creditor has a purchase money security interest in a motor vehicle, acquired for the personal use of the Debtor, securing the debt that is the subject of a claim, and the debt was incurred in the 910-day period preceding the date of the filing of the petition, the plan must pay the full value of that claim. Debtor purchased the Vehicle approximately 244 days prior to the filing of the petition. Thus, the lien is not subject to modification and Debtor must pay pursuant to the terms of the Contract

2.      The Plan fails to pay the applicable prime plus interest rate. Debtors must pay the present value of the secured claim by paying the creditor a discount rate of interest as measured by the formula rate expressed by the United States Supreme Court in <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465 (2004). *See also* <u>Drive Fin. Servs., L.P. v. Jordan</u>, 521 F.3d 343 (5th Cir. 2008) (applying prime plus rate to vehicle lender's claim). The court in <u>Till</u> considered the rate to be paid to ensure that a creditor received the "present value" of its allowed secured claim under §1325(a)(5)(B)(ii).  <u>Till</u> suggests that the parties look at the national prime rate and estimate the rate for a creditworthy borrower and then adjust the rate upwards to take into consideration the higher likelihood of default due to the borrower's position as insolvent in bankruptcy. <u>Till</u> pg. 478-9.  The current prime rate of interest is 7.500%.  To the extent that the Plan proposes to pay less than the prime interest rate plus at least 2.000%, Creditor objects to the confirmation of the Plan.

3.      The Plan does not provide for equal monthly payments to Creditor. The Code requires that a plan may be confirmed over an objection of a secured creditor only if the payments made under the plan are "in equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). To the extent the Plan provides payments to Creditor on a pro rata basis, Creditor objects to the confirmation of the Plan.

4.      The Plan must comply with all applicable provisions of 11 U.S.C. §1325 to be confirmed.  As such, the Plan cannot be confirmed.

                                              Respectfully submitted,

                                              **McCarthy & Holthus, LLP**

10/29/2025

                                       By:  /s/ Kristin A. Schuler-Hintz
                                          Kristin A. Schuler-Hintz, Esq.
                                            Attorney for Secured Creditor