```
Misty D. Wilks #196327
3818 Crenshaw Blvd #445
Los Angeles, CA 90008
323-540-4633|877.264.8779F
misty@wilkslawoffice.com
Attorney for Debtor
```

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In Re: JUSTICE N. DAVIS | Case No.: 2:25-bk-17922-DS |
| | MOTION WITHDRAW AS ATTORNEY OF RECORD; |
| , | DECLARATION OF MISTY WILKS IN SUPPORT |
| | THEREOF |
| Debtor(s) | |
| | Pursuant to LBR 9013-1(p) |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES HEREIN:**

   PLEASE TAKE NOTICE that Misty Wilks and WilksLaw, counsel for Debtor Justice N. Davis (hereinafter "Debtor"), respectfully moves this Court to be relieved as counsel immediately in the above-entitled bankruptcy.

   The Motion is based on irreconcilable differences, lack of effective communication and other matters that hinder counsel and make it difficult and burdensome for Counsel to continue to represent the Debtor.

   In support, Debtor submits the attached declaration (Exhibit 1) and asserts the contents therein in support.

                                        Respectfully submitted,

                                        /s/ Misty Wilks
                                        Misty Wilks

DECLARATION OF MISTY WILKS

I, Misty Wilks hereby declare as follows:

    1.   I am licensed to practice law in the State of California, manage WilksLaw and am counsel of record ("Counsel") for the Debtor Justice Davis ("Debtor") herein. The matters as set forth in this Declaration are true of my own knowledge and, if called upon to do so, I could and would competently testify to them.

    2. On or about September 17, 2025 Counsel agreed to represent Debtor dealing with an imminent emergency in the instant Chapter 13 bankruptcy (2:25-bk-17922-DS), which was filed on September 9, 2025.

    3.   Shortly thereafter, Counsel notified Debtor that she would not be able to represent her for the full term of the Chapter 13 as both Counsel's personal and professional life had changed drastically and she did not have the capacity to adequately represent Debtor.  Counsel suggested they strategize a plan to get Debtor proper representation going forward.

    4. The attorney/client relationship deteriorated immediately and became extremely acrimonious and hostile.  Debtor's representative (father) went so far as to threaten Counsel.  Since that time, despite Counsel's attempts there has been little to no communication with her or her office and this has prevented Counsel from being able to strategize, plan and/or respond to the Trustee's concerns or otherwise proceed as one would with a cooperating client in an active case.

    5. Irreconcilable differences have arisen between counsel and Debtor regarding the handling of this case, making continued representation

impossible.

6. Debtor was officially notified of her need to retain new counsel on **October 7, 2025**. On October 17, 2025 Debtor was again informed both by Counsel, and the Trustee's Attorney Koyama, that she needed to retain counsel during her 341 Meeting. That Meeting was continued, and Counsel believes it has already been continued two additional times to allow Debtor time to retain counsel.

7. On or about December 3, 2025, Debtor executed a Substitution of Attorney (Exhibit 2), and has since filed pro-se documents representing to the court that she is **not** represented by an attorney (*See* Docket #49).

8. Furthermore, because revealing additional facts on which this motion is based would involve disclosure of client confidences, the undersigned attorney represents and certifies to the court that good grounds for withdrawal exist under one or more of the grounds specified in California Code of Professional Responsibility, Rule 3-700 (B) (1) or (3) and Rule 3-700 (C).

9. Additionally, in the early morning of December 8, 2025 and immediately before Debtor's last 341 Meeting, Counsel was notified that her mother had died. She now has even less capacity to handle this contentious relationship.

10. Debtor's next appearance is expected December 18, 2025. Counsel fully expects to be on the way to her mother's funeral at that date and time.

11. Based on these circumstances, the continued effective representation of the Debtor is no longer feasible.

12. Accordingly, I request that this Court enter an Order relieving Misty Wilks as attorney of record for the above-named Debtor in her Chapter 13 proceedings.

I declare under penalty of perjury that the above is true and correct under the laws of the United States and is executed on this 9th day of December 2025 at Los Angeles, California.

Dated:    December 9, 2025                                Misty Wilks